# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TARA WINDING, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>MEMPHIS POLICE DEPARTMENT, et al., )<br>  )<br>Defendants. ) | No. 2:24-cv-02643-SHL-atc |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING SECOND AMENDED COMPLAINT

Plaintiff Tara Winding filed suit on behalf of herself and her deceased son, Matthew T. Harper, under 18 U.S.C. § 1983 and for alleged violations of the Crime Victims' Rights Act. (ECF No. 28-1.) Defendants all sought dismissal for failure to state a claim. (ECF Nos. 49, 53, 83, 84, 85, and 86.) In Magistrate Judge Christoff's report and recommendation, she concluded that Winding fails to state a claim under both § 1983 and the CVRA, and thus recommends that the motions to dismiss be granted and the second amended complaint be dismissed with prejudice. (See ECF No. 113.) Winding generally objected to the R&R (ECF No. 115), and none of Defendants responded to her objections. Because this Court agrees that Winding failed to plead a claim to relief, the R&R is **ADOPTED**.

## BACKGROUND

Matthew T. Harper was murdered on September 11, 2022. (ECF No. 28-1 at PageID 161–62.) Winding alleges that Defendants allowed Harper's murderer to escape justice by mishandling the investigation into his death. (See generally ECF No. 28-1.) She generally asserts that Defendants "engaged in a negligent investigation, conducted unreasonable searches,

and concealed or failed to disclose critical evidence related to" the homicide investigation. (Id. at PageID 159.) She seeks both compensatory and punitive damages. (Id. at PageID 168–69.)

As a result of this allegedly deficient investigation, Winding sued Shelby County and an array of state officials, including District Attorney Stephen Mulroy; Chief Assistant District Attorney Carrie Bush; and Assistants District Attorney William Crossnoe and Fredricka Brown; and the Victim Witness Coordinator, Reid Hettinger ("State Defendants"). She also sued several city entities and officials, including the City of Memphis; the Chief of the Memphis Police Department, C.J. Davis; Lieutenant Brian Beasley; and Sergeant Jacoba Boyd ("City Defendants").

Winding asserts four different claims for relief under § 1983. She first alleges a Fourth Amendment violation against Boyd, Beasley, and the City because Boyd and Beasley allegedly entered Harper's apartment without a warrant. (Id. at PageID 164.) She next asserts that the City Defendants and State Defendants deprived her and Harper of their rights to due process by failing to conduct a proper investigation into Harper's death and refusing to allow Winding to participate in the investigation. (Id. at PageID 164–65.) Winding also asserts that the City and Shelby County are subject to Monell liability for their alleged violations of her and Harper's rights to equal protection under the Fourteenth Amendment. (Id. at PageID 165.) Finally, Winding alleges that all Defendants conspired to deprive her and Harper of their constitutional rights. (Id. at PageID 166.) She separately asserts claims against Boyd, Brown, Crossnoe, Bush, Hettinger, Shelby County, and the City under the CVRA. (Id.)

All Defendants sought dismissal because of Winding's general failure to allege a cognizable constitutional interest. (ECF 113 at PageID 611.) The State Defendants also sought dismissal based on various immunity doctrines, the City and County sought dismissal because of

2

Winding's alleged failure to plead Monell liability, and the individually named City Defendants sought dismissal based on qualified immunity. (Id.) The R&R agrees with Defendants that Winding failed to state a claim, and this Court agrees with the R&R.

## APPLICABLE LAW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). When a party objects to an R&R, his objections must be specific. Thomas v. Arn, 474 U.S. 140, 151 (1985). An objection is specific if it enables the court to focus on the factual and legal issues "that are at the heart of the parties' dispute." Jackson v. Social Sec. Admin., No. 3:20-cv-00818, 2021 WL 8013869, at *1 (M.D. Tenn. Sept. 8, 2021) (quoting Thomas, 474 U.S. at 147). "General or conclusory objections are insufficient." Weeks-Israel v. U.S. Army Recruiting Suffolk, No. 3:18-cv-00317, 2019 WL 4963251, at *1 (M.D. Tenn. Oct. 8, 2019) (citing Zimmerman v. Cason, 354 F. Appx. 228, 230 (6th Cir. 2009)).

An objection is general and conclusory when it "does nothing more than state a disagreement with a magistrate's suggested resolution," VanDriver v. Martin, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004), or when it does not identify a specific error made by the magistrate judge, Parker v. Hankook Tire Manuf. Tenn., LP, No. 3:22-cv-00063, 2023 WL 2390672, at *1 (M.D. Tenn. Mar. 7, 2023) (citing Howard v. Sec. of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28

3

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Most of Winding's objections are not directed at the R&R's analysis of the motions to dismiss. For example, Winding argues that Judge Christoff delayed ruling on her motions relating to service of process (ECF No. 115-1 at PageID 630–31) and denied her motion for an entry of default and default judgment against Defendant Crossnoe (id. at PageID 632–33).[1] Winding also asserts that her complaint should not be dismissed because she has generally acted in good faith throughout these proceedings. (Id. at PageID 633.) Because these objections are not directed at the R&R's substance, they are not addressed here. Winding's remaining objections are too vague to warrant de novo review, as discussed below.

### I. HARPER'S CLAIMS

As a threshold matter, Winding asserts various constitutional claims on behalf of her son. As the R&R properly found, a person's "civil rights may only be violated while that person is alive." (ECF No. 113 at PageID 619 n.6 (quoting United States v. Hankison, No. 3:22-cr-84-RGJ, 2025 WL 552684, at *5 (W.D. Ky. Feb. 19, 2025)).) Because all of Winding's claims are based on events that occurred after Harper's murder, she cannot assert any constitutional claims on his behalf. (Id.) Thus, her claim that the City, Beasley, and Boyd violated Harper's Fourth Amendment right fails, as do the Fourteenth Amendment claims asserted on his behalf. (Id. at PageID 619.) She does not object to the R&R's analysis of these claims, so they are reviewed

---

[1] Judge Christoff denied the motions relating to service of process because "all of the named Defendants have appeared through counsel," and none of them challenged service, so the purpose of Winding's filings was unclear. (ECF No. 113 at PageID 624.) Judge Christoff similarly denied the motion for entry of default and default judgment because all of the individually named Defendants appeared through counsel and filed motions to dismiss in both their individual and official capacities. (Id.)

4

for clear error—the Court finds none.

## II.     OFFICIAL CAPACITY CLAIMS

The R&R began by addressing the State Defendants' argument that the Eleventh Amendment bars Winding's official capacity claims against them. (ECF No. 113 at PageID 613.) Because Winding did not specifically object to this portion of the R&R, the Court reviews it for clear error.

As the R&R correctly points out, the Eleventh Amendment precludes "actions against states and state officers acting in their official capacity 'unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity.'" (Id. (quoting Stanley v. W. Mich. Univ., 105 F.4th 856, 863 (6th Cir. 2024)).) The State has not waived its sovereign immunity here, and Congress has not abrogated it. (Id. at PageID 613–14.) Moreover, Winding's claims are for damages and retrospective relief, which are unrecoverable against the State even when it can be sued. (Id. at PageID 614.) Because Winding's official capacity claims against the County and the individually named State Defendants are barred by Eleventh Amendment sovereign immunity, she fails to state a claim against them upon which relief can be granted. Her individual capacity claims are similarly deficient.

## III.    INDIVIDUAL CAPACITY CLAIMS

The R&R found that the individually named City and State Defendants are either immune from suit or Winding has failed to identify a constitutional right at stake for purposes of her § 1983 claims against them. Winding's individual capacity claims against Mulroy, Crossnoe, Brown, and Bush are based on their decision not to prosecute Harper's suspected murderer. And her individual capacity claims against Hettinger and the individually named City Defendants are

5

based on their alleged failures to involve her in the judicial process. Winding's objections to the R&R's analysis of these claims are both vague and irrelevant.

First, she argues that the "R&R erroneously reduces" her "action to mere dissatisfaction with a prosecutor's charging decision," but she fails to identify any specific allegation that goes beyond their decisions to investigate and charge a suspect. (See ECF No. 115-1 at PageID 629–30.) Winding also asserts that at least one State Senator formally requested to establish a special panel to review alleged misconduct involving three elected District Attorneys General, which underscores the "systemic barriers faced by citizens seeking accountability through legal channels." (Id. at PageID 633–34.) This is irrelevant to the analysis here—the Court does not have the power to change the law to make it easier for Winding to sue state and city officials. Without any specific objection to these portions of the R&R, the Court reviews them for clear error and finds none.

The R&R correctly pointed out that prosecutors enjoy "absolute immunity from § 1983 suits for damages" when they act "within the scope of" their "prosecutorial duties." (Id. at 614–15 (quoting Inbler v. Pachtman, 424 U.S. 409, 420 (1976)).) Because the decision to not prosecute someone "goes to the heart of the advocate's role," that decision "necessarily" falls within "the scope of absolute prosecutorial immunity." (Id. at PageID 615 (quoting Price v. Montgomery Cnty, Ky., 72 F.4th 711, 721 (6th Cir. 2023)).) Thus, the R&R correctly found that Mulroy, Crossnoe, Brown, and Bush are "absolutely immune" from Winding's individual capacity claims, which should be dismissed. (Id.)

The R&R similarly found that Winding failed to state a claim against Hettinger in his individual capacity and the individually named City Defendants for violations of her right to due process under the Fourteenth Amendment and for conspiracy to violate her rights. (Id. at PageID

6

617–19.) The R&R relied on the fact that Winding failed to identify a constitutionally protected property or liberty interest at stake. (Id. at PageID 617–18.) There is no constitutional right to a police investigation. (Id. at PageID 618 (quoting Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007)).) Thus, Winding has no basis to assert a constitutional claim against Hettinger based on her perceived deficiencies in the investigation, and her duplicative claims against the City and the individually named City Defendants fail for the same reason. (Id. at PageID 622–23.) Because Winding cannot show that the individually named City Defendants violated a constitutional right, they are also entitled to sovereign immunity in their individual capacities. (Id. at PageID 623.) The Court finds no error in the R&R's analysis.

IV.     **CVRA CLAIMS**

Winding asserts claims under the CVRA "based on government failure to provide notice, transparency, or timely access to evidence." (ECF No. 115-1 at PageID 629.) But, as the R&R identified, the CVRA "only applies to federal criminal cases." (ECF No. 113 at PageID 616 (citing United States v. O'Lear, 90 F.4th 519, 540 (6th Cir. 2024)).) It does not apply here, where all of Winding's claims relate to a state criminal investigation and prosecution. (Id.) Winding does not specifically object to the R&R's analysis of this claim. The Court reviews it for clear error and finds none.

V.      **MONELL CLAIMS**

The R&R also recommends dismissal of Winding's claims against the County and City Defendants because she has not identified "a municipal policy or custom that caused or is related to her claims," nor has she "adequately alleged a failure to train against the City or the County or a history of tolerance of constitutional violations." (Id. at PageID 620.) Winding's own experience here cannot provide evidence of a "pattern of misconduct." (Id. at PageID 621

7

(quoting Curtis v. Lauderdale Cnty., No. 2:23-cv-02528-TLP-atc, 2025 WL 367405, at *4 (W.D. Tenn. Jan. 27, 2025)).)  Because Winding has not specified any civil rights violations other than those allegedly committed against her and Harper, the R&R found that her allegations are insufficient to support her Monell claims.  (Id. at PageID 622.)  There being no specific objection to the R&R's analysis and no clear error within it, this Court agrees.

## VI.   COUNTY CLAIMS

The R&R noted that, although Winding asserts claims against the County, she failed to allege any specific wrongdoing by the County.  (Id. at PageID 623.)  Thus, the R&R recommends dismissal of Winding's claims against the County "for the additional reason" that her second amended complaint "fails to allege any wrongdoing."  (Id.)  In her objections, Winding clarifies that she "named Shelby County as a defendant based on its independent obligations and its contractual relationship with the West Tennessee Regional Forensic Center." (ECF No. 115-1 at PageID 632.)  She argues that the County's "role as a defendant is distinct and grounded in its own responsibilities—including potential failures related to evidence handling, limited disclosure of autopsy findings, and obstruction of discovery."  (Id.)  But Winding does not connect any of the claims in her second amended complaint to the failures she identifies in her objections.  Thus, this Court agrees with the R&R that she has failed to state a claim against the County because she has not alleged any facts in support of her claims.

## CONCLUSION

As outlined above, the R&R is **ADOPTED** in its entirety.  Defendants' motions to dismiss for failure to state a claim are **GRANTED**, and the second amended complaint is **DISMISSED WITH PREJUDICE**.

8

**IT IS SO ORDERED,** this 26th day of August, 2025.

                                                 s/ Sheryl H. Lipman
                                                 SHERYL H. LIPMAN
                                                 CHIEF UNITED STATES DISTRICT JUDGE